UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN WHALEY,

    Petitioner,

                                         Case No. 11-10289

v.

                                         Honorable Patrick J. Duggan

DEBRA SCUTT,

    Respondent.

_____/

## ORDER GRANTING PETITIONER'S MOTION FOR A STAY, VACATING THE ORDER FOR RESPONSIVE PLEADING, AND CLOSING THIS CASE FOR ADMINISTRATIVE PURPOSES

Kevin Whaley ("Petitioner"), a state prisoner currently incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction for unarmed robbery, Michigan Compiled Laws § 750.530. Before the Court is Petitioner's motion to stay proceedings and hold the petition in abeyance. For the reasons set forth below, the Court grants Petitioner's motion and holds the petition in abeyance pending exhaustion of state remedies. The Court also administratively closes the case.

### I. Background

Petitioner was convicted of unarmed robbery after a jury trial in Oakland County, Michigan. As a fourth habitual offender, he was sentenced to 342 months to 60 years in prison. Petitioner appealed, arguing that (1) the court wrongfully denied his request for an evidentiary hearing on his motion to suppress DNA evidence; and (2) the court's sentence

represented an unjust departure from the sentencing guidelines. Petitioner's conviction and sentence were affirmed on appeal. *People v. Whaley*, No. 283712, 2009 Mich. App. LEXIS 1346 (Mich. Ct. App. June 16, 2009) (per curiam), *lv. den.* 485 Mich. 1009, 775 N.W.2d 792 (Mich. 2009). Petitioner filed a motion for post-conviction relief in the trial court, raising five additional claims:

> (A) Defendant was denied the effective assistance of counsel during trial, the Sixth Amendment of the United States Constitution guarantees the right to the effective assistance of counsel to criminal defendants and the Fourteenth Amendment.
>
> (B) Defendant was denied his Sixth and Fourteenth Amendment rights to due process and to confrontation.
>
> (C) The Court violated the Defendant's Sixth Amendment right of the U.S. Constitution: In criminal prosecutions the accused shall enjoy the right to a speedy and public trial.
>
> (D) On January 3, 2008, the 6th Circuit Court (Oakland County, Mich.) imposed an invalid sentence upon the Defendant due to: A) The trial court upwardly departing from the sentencing guidelines without articulating substantial and compelling reasons that are objective and verifiable; B) The trial court's sentence is vindictive; and C) The trial court relied upon inaccurate information thereby depriving the Defendant of his constitutional right to due process of the law.
>
> (E) The Fourteenth Amendment of the due process and equal protection requirements prohibit forcing an accused to stand trial in identifiable prison clothing. *Estelle v. Williams*, 425 U.S. 501 (1976).

Pet'r's Mot. Stay 2. Petitioner claims that the trial court denied his motion on September 23, 2010. *Id.* at 1.

Petitioner did not appeal this decision, and instead filed his habeas petition with this Court. In an order dated February 4, 2011, the Court directed Respondent to file a response to the petition by July 29, 2011. Petitioner has moved to stay proceedings and

hold the petition in abeyance.  He wishes to return to state court to appeal the trial court's denial of the claims raised in his motion for post-conviction relief.

## II. Discussion

The doctrine of exhaustion of state remedies requires state prisoners to fairly present all their claims to the state court before raising their claims in a habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732 (1999).  For state prisoners in Michigan, this means that they must present each claim to the Michigan Court of Appeals and to the Michigan Supreme Court before filing a federal habeas corpus petition.  *See Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009). Federal district courts possess the authority to issue stays while a habeas petitioner pursues state remedies for previously unexhausted claims.  *Rhines v. Weber*, 544 U.S. 269, 275-76, 125 S. Ct. 1528, 1534 (2005).  Stay and abeyance are permissible when (1) there was good cause for the petitioner's failure to exhaust his claims first in state court, (2) the unexhausted claims are not plainly meritless, and (3) the petitioner is not engaged in abusive litigation tactics or intentional delay.  *Id*. at 277-78, 125 S. Ct. at 1535.  Petitioner claims that he did not know the proper procedures to follow, and his unexhausted claims raise constitutional issues that are not plainly meritless.  Petitioner has not engaged in abusive litigation tactics.  The Court concludes that it is not an abuse of discretion to hold this case in abeyance while Petitioner pursues state remedies for his unexhausted claims.

Accordingly,

Petitioner's motion for a stay [Dkt. #4] is **GRANTED**, and the order requiring a responsive pleading [Dkt. #3] is **VACATED**.  The Court's stay is conditioned on

Petitioner filing his appeal of unexhausted claims within **sixty (60) days** of the date of this order. If Petitioner is unsuccessful in state court and wishes to re-open this case, he must file an amended habeas petition and a motion to lift the stay, using the same case number and caption that appears on this order. The motion to lift the stay must be filed within **sixty (60) days** of exhausting state remedies.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of the Court to **CLOSE** this case for statistical purposes only. Nothing in this Order or in the related docket entry shall be considered a dismissal or disposition of this matter.

_____
s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Dated: April 25, 2011

Copies to:

Kevin Whaley, #155829
G. Robert Cotton Correctional Facility
3500 N. Elm Road
Jackson, MI 49201

Michigan Department of Attorney General
Habeas Corpus Division
P.O. Box 30217
Lansing, MI 48913

4